IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LaBRANCH, | No. CIV S-09-0074-CMK-P |
|     Petitioner, | |
|  vs. | FINDINGS AND RECOMMENDATIONS |
| JAMES YATES, | |
|     Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's motion to dismiss (Doc. 15). Petitioner file an opposition (Doc. 16); Respondent filed a reply (Doc. 17).

I.   BACKGROUND

This case proceeds on petitioner's amended petition filed April 13, 2009.[1] In his petition, petitioner is challenging the California Board of Parole Hearings' ("the Board") 2007 decision denying him parole. His petition raises seven claims: (1) the decision not supported by

---

[1] Petitioner's original petition named the incorrect defendants and was therefore dismissed with leave to amend. Petitioner's amended complaint now names the warden for the institution where he is currently housed, James Yates. The Clerk of the court is directed to update the caption in this case with the proper Respondent.

1

some evidence; (2) failure to provide Petitioner with the Board's report until the day before the initial hearing violated his due process rights; (3) factual errors in the Psychiatric Report denied him due process; (4) failure to set a uniform term of commitment is unauthorized life without the possibility of parole sentence; (5) failure to adopt procedures for issuing multiple year parole denials denied him due process; (6) the Board's composition violates due process; and (7) People v. Watson, 30 Cal.3d 290 (1981) is illegal, vague, and is in contraction with California Penal Code § 188.

## II.    MOTION TO DISMISS

Respondent moves this court to dismiss five of Petitioner's claims arguing they fail to warrant federal habeas relief (claims one, two, three, five and six), and Petitioner's challenge to his 1988 conviction (claim seven) is untimely.[2]  Respondent argues that Petitioner has only raised one federal claim, that the Board violated the Eighth Amendment and Equal Protection Clause by failing to set a term of confinement (claim four).

Petitioner opposes the dismissal of any of his claims and reiterates that the claims at issue allege violations of his due process rights.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See  Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982).

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a

---

[2]    Respondent originally challenged several of Petitioner's claim as unexhausted.  However, Petitioner attached to his opposition a petition he filed with the California Supreme Court which Respondent now acknowledges exhausted Petitioner's claims.  Therefore, Respondent no longer challenges the petition as unexhausted, and the motion to dismiss is limited to the federal claim issue.

1 transgression of federal law binding on the state courts.  See Middleton v. Cupp, 768 F.2d 1083,
2 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is not
3 available for alleged error in the interpretation or application of state law.  Middleton, 768 F.2d at
4 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786
5 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state issues de novo.
6 See Milton v. Wainwright, 407 U.S. 371, 377 (1972).

7 However, a "claim of error based upon a right not specifically guaranteed by the
8 Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so
9 infects the entire trial that the resulting conviction violates the defendant's right to due process."
10 Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981) (citing Quigg v. Crist, 616 F.2d 1107 (9th
11 Cir. 1980)); see also Lisenba v. California, 314 U.S. 219, 236 (1941).  In order to raise such a
12 claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete
13 miscarriage of justice."  Hill v. United States, 368 U.S. 424, 428 (1962); Crisafi v. Oliver, 396
14 F.2d 293, 294-95 (9th Cir. 1968); Chavez v. Dickson, 280 F.2d 727, 736 (9th Cir. 1960).

15 This petition at issue before the court stems from the Board's decision to deny
16 Petitioner a parole date.  Petitioner, proceeding in pro se, raises claims regarding the proceedings
17 the Board utilized in reaching their decision.  Petitioner argues, albeit somewhat inarticulately,
18 that all of the errors alleged, taken together, violated his due process rights, resulting in a
19 complete miscarriage of justice.  While Petitioner may not express himself so clearly, the court
20 must read pro se pleadings liberally.  In so doing, the court finds that Petitioner should be
21 allowed to proceed on his claims to the extent they allege a due process violation.  Whether he
22 will be successful on his claims is not before the court at this time.  However, the undersigned is
23 unable at this juncture to determine that petitioner is not entitled to relief, and the motion to
24 dismiss for failure to state a federal claim should be denied.

25 In addition, Respondent argues that Petitioner's seventh claim, regarding the
26 validity of his conviction is untimely and should be dismissed.  Petitioner responds that his

conviction is based on a vague and indefinite statute in violation of his Sixth and Fourteenth Amendment rights. Petitioner specifically states in his amended petition that the judgment of conviction was dated in December 1988.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

There is no question in this case that any challenge to the validity of Petitioner's 1988 conviction must be untimely. Upon the record currently before the court it is unclear

exactly when the statute of limitations expired, but clearly sometime within the last twenty years that statute expired. Petitioner makes no argument that the statute of limitations has not expired, or that he should somehow be entitled to equitable tolling. His opposition is limited to his arguments regarding exhaustion and failure to state a claim for federal relief. There is no discussion at all in his opposition regarding the untimeliness of his seventh claim. Accordingly, the undersigned finds Petitioner's challenge to the validity of his conviction, which he argues was based upon an implied malice theory as the California Supreme Court defined in People v. Watson, 30 Cal. 3d 290 (1981), is untimely and should be dismissed.

### III.   CONCLUSION

Based on the foregoing, the undersigned recommends that the motion to dismiss (Doc. 15) be denied in part and granted in part. Petitioner's challenge to the validity of his 1988 conviction should be dismissed as untimely. The motion to dismiss the remainder of the petition should be denied to the extent the petition raises violations of Petitioner's due process rights.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 3, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE