IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LaBRANCH, | No. CIV S-09-0074-JAM-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JAMES YATES, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are petitioner's amended petition for a writ of habeas corpus (Doc. 7), respondent's answer (Doc. 23), and petitioner's traverse (Doc. 26).

In his petition, petitioner is challenging the 2007 decision by the Board of Parole Hearings finding him unsuitable for parole. Petitioner challenges the decision as a violation of his due process rights.

The issue of parole denials in California has recently been addressed by the United States Supreme Court. Reversing the Ninth Circuit's decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Court observed:

1

> Whatever liberty interest exists [in parole] is, of course, a *state* interest. There is no right under the Federal Constitution to be conditionally released [on parole] before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. Id. at 7. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. . . .

Swarthout v. Cooke, 562 U.S. ___, 131 S. Ct. 859, 862 ( 2011) (per curiam) (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979)) (emphasis in original).

The Court held:

> In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. 442 U.S. at 16. "The Constitution," we held, "does not require more." Ibid. Cooke and Clay received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied. (citations omitted).
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cook and Clay received due process. . . .

Id.

The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process." Id. at 862-63 (citing Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982)). Thus, in cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard. There is no other clearly established federal constitutional right in the context of parole.

In this case, petitioner raises seven claims: (1) the Board's decision was not supported by some evidence; (2) failure to provide Petitioner with the Board's report until the day before the initial hearing violated his due process rights; (3) factual errors in the Psychiatric

1  Report denied him due process; (4) failure to set a uniform term of commitment is unauthorized
2  life without the possibility of parole sentence; (5) failure to adopt procedures for issuing multiple
3  year parole denials denied him due process; (6) the Board's composition violates due process;
4  and (7) People v. Watson, 30 Cal.3d 290 (1981) is illegal, vague, and is in contraction with
5  California Penal Code § 188.  Petitioner's seventh claim, which is a challenge to his conviction
6  not the denial of parole, was dismissed as untimely.  (See Docs. 18, 22).  This action proceeds on
7  the remainder of petitioner's claims as they relate to his alleged due process violations.

8         As discussed above, it is not the place of the federal court to rule on how
9  California's "some evidence" parole standard has been applied except to inquire as to the basic
10 procedural guarantees.  This court's review is limited to the issue of whether petitioner was
11 denied any of the procedural protections required by the federal constitution.  Those procedural
12 protections are limited in a federal habeas review to whether the petitioner received notice, an
13 opportunity to be heard, and a statement of reasons for the Board's decision.  See Swarthout, 131
14 S. Ct. at 862.  The federal constitution requires nothing more in the parole context.

15        Here, as did the petitioners in Swarthout, petitioner "received at least this amount
16 of process: [He was] allowed to speak at [his] parole hearing[] and to contest the evidence
17 against [him], [was] afforded access to [his] records in advance, and [was] notified as to the
18 reasons why parole was denied."  131 S. Ct. at 862.  While petitioner contends that he did not
19 receive the Board's report until the day before the hearing, he did have the opportunity to review
20 it prior to the hearing as well as an opportunity to review his central file, which apparently
21 occurred in November 2006.  He then had the opportunity to bring any errors in the report or his
22 central file to the Board's attention at the hearing.  In addition, the transcript of the proceedings
23 indicates petitioner was present at the hearing, was represented by counsel, had the opportunity to
24 speak and contest any evidence against him, and was notified as to the reasons for the denial.
25 Therefore, he received all the procedural protections required by the federal constitution.
26 ///

Based on the foregoing, the undersigned recommends that petitioner's amended petition for a writ of habeas corpus (Doc. 7) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 21, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE